No. 216.

## THE TOWN OF WILLIAMSPORT *v.* SMITH.

MUNICIPAL CORPORATION. — *Negligence.* — *Pleading.*— *Complaint.*— *Insufficiency of.*—In an action against a municipal corporation for an injury to plaintiff's horses, caused by the defective condition of an approach to a bridge, a complaint which fails to designate any act or omission of the corporation as the cause of the injury, is insufficient.

PRACTICE.—*Assignment of Error.*—*Designation of Court.*—Where a ruling on a demurrer was made, not by the court from which the cause is brought on appeal, but by the court in which the action was commenced, from which the venue was changed, a specification in the assignment of errors relating to the ruling, that "The circuit court erred," etc., is a sufficient designation of the court.

From the Tippecanoe Circuit Court.

*J. W. Sutton,* for appellant.

*J. McCabe* and *E. F. McCabe,* for appellee.

BLACK, J.—The appellant's demurrer to the appellee's complaint was overruled. The complaint, omitting the title, was as follows:

"Plaintiff complains of defendant, the town of Williamsport, Warren county, Indiana, a municipal corporation or-

ganized under the laws of the State of Indiana, and says that
on the — day of January, 1886, he was the owner of two
horses of the value of two hundred dollars, one of them be-
ing worth the sum of one hundred and ten dollars, and the
other the sum of ninety dollars ; that on said day one Alonzo
Meek, with whom plaintiff was engaged in the business of
hauling saw logs, was driving said team of plaintiff's, to-
gether with a team belonging to said Meek, hitched together
as a four-horse team, hauling a saw log, one end of which
was fastened upon a sled, and the other end of said log slid-
ing upon the ground; that said highway was the only road
leading from the country northwest of said town to a steam
saw-mill which was located in said town, and had been so lo-
cated for more than twenty-five years, and during all that
time used as a saw-mill for sawing logs into lumber, and the
usual and customary method of hauling logs to said mill
during all of said time, whenever there was sufficient snow,
was in the manner and mode aforesaid; and said mode of
travelling and using said highway was ordinary and custom-
ary ; that said Meek, on said day, hauling said log, was driv-
ing along Monroe street, within the corporate limits of said
town ; that on said Monroe street, at that time, there was a
bridge and embankment approaching same, within the cor-
porate limits of said town, built by said town over Fall
creek branch, over which it was necessary to pass to travel
said street; that the approach to said bridge from the
northwest was said approach, which was a steep embank-
ment of earth, fifteen feet high, so that a horse would
fall if shoved over the same ; that said embankment was not
straight, but curved toward the left hand side in approach-
ing said bridge from the northwest side; that said embank-
ment narrowed as it approached said bridge, and was at said
time only ten feet wide at the point where it joined said
bridge ; that the surface of said embankment, as it led to
said bridge, was round, and not flat, and on said day was
covered with ice and snow ; that said Meek drove said team

upon said embankment, loaded as aforesaid, when, without any fault or negligence of plaintiff, or of said Meek, said log slipped off said embankment, and, without any fault or negligence of plaintiff, or said Meek, said team of plaintiff's was thrown and pulled by said log from said embankment and bridge upon the rocks below, along with said log, thereby badly wounding both of said horses, bruising, cutting, and skinning them all over, so that they were, in consequence of said fall, made sick, sore, lame, and disabled, and wholly unfit for use.    And plaintiff says he has been damaged in the sum of seventy-five dollars in and by the permanent injury to said horses by reason of said fall; and he was put to great expense and trouble in caring for and attempting to cure them, to wit: in the sum of twenty-five dollars, and has been further damaged in the sum of twenty-five dollars in the loss of the use of said horses for the space of two months. And plaintiff says said injuries to said horses were wholly caused by the defective condition of said approach to said bridge; that there was no guard, or railing, upon either side of said embankment for the protection of travellers, and persons using the said highway; and plaintiff avers that guards or railing, on either and both sides of said embankment, are necessary to make it reasonably safe for ordinary travel with teams over said bridge at any and all times; and that this said dangerous and defective condition of said highway was well known to defendant, and that defendant neglected to repair the same.    Wherefore," etc.

This complaint is not merely indefinite, it fails to designate any act or omission of the defendant as the cause of the injury to the appellee's horses.    It alleges that the approach to the bridge was steep, and of a certain height, and not straight, but curved toward the left-hand side; that it narrowed as it approached the bridge, and at the time in question was only ten feet wide where it joined the bridge; that the surface was round, and not flat, and on the day in question was covered with ice and snow; but as to none of these

The Town of Williamsport v. Smith.

conditions is any fault ascribed to the appellant, nor is the injury attributed to any of these circumstances. It is not shown that any or all of them constituted defects which occasioned the injury, or for which the appellant was blamable. It is afterwards alleged that said injuries were wholly caused by the defective condition of the approach; but what defect, or defects, caused them the complaint does not show. While it is stated that guards, or railings, on both sides were necessary to render reasonably safe ordinary travel, at any and all times, and that there were none on either side, it is not shown that this was the only defect, and it is not identified as the defective condition which caused the injury.

The appellant was entitled to be apprised by the complaint as to the particular fault concerning which it should prepare its defence.

Where the complaint does not show what wrongful act, or omission, of the defendant caused the injury, it is unnecessary, if not also premature, to inquire whether it shows the plaintiff to have been without fault as to any particular act of his, as his attempting to drive over the bridge, or whether it shows sufficient notice to the defendant municipal corporation of an alleged defect in its bridge.

The ruling on the demurrer was made, not by the court from which the cause is brought on appeal, but by the court in which the action was commenced, from which the venue was changed. In the assignment of errors the specification relating to the ruling on the demurrer proceeds: "The circuit court erred," etc., and does not more particularly designate the court. We think this sufficient.

The judgment is reversed, with costs, and the cause is remanded, with instruction to sustain the demurrer to the complaint.

Filed June 12, 1891; petition for a rehearing overruled Sept. 19, 1891.