(11 App. Div. 111.)

CMIELEWSKI v. MOLLENHAUER SUGAR-REFINING CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1896.)

MASTER AND SERVANT—DANGEROUS EMPLOYMENT—NECESSITY OF INSTRUCTION.
     The work of emptying sugar from sacks through a grating in the floor into a crusher about one foot beneath is obviously dangerous, where the spaces between the bars of the grating are wide enough for a man's foot to go through; and therefore the master was not negligent in not instructing the workmen as to the danger.

Appeal from trial term, Kings county.

Action by Joseph Cmielewski against the Mollenhauer Sugar-Refining Company for personal injury. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Francis Farquhar, for appellant.
William M. Mullen, for respondent.

WILLARD BARTLETT, J. The plaintiff, a laborer in the employment of the defendant, lost his right leg by falling into a sugar crusher in the defendant's refinery in the city of Brooklyn, and he has brought this action to recover damages for the injury thus sustained.

The only question on which the case went to the jury, in relation to

the alleged negligence of the defendant, was whether, if the machine was dangerous, the defendant neglected any duty which it owed to the plaintiff in respect to giving him proper warning or instruction before he went to work emptying bags of sugar upon the grating which was over the crusher. This grating consisted of seven parallel iron bars, 4¼ inches apart, and was 3 feet 4 inches long and 2 feet 6 inches wide. About a foot underneath it was the crusher, which consisted of five rollers, with projecting and interlocking pins. In the process of crushing sugar, at the time of the accident, three men, one of whom was the plaintiff, were engaged, on the platform about the grating, in emptying the contents of bags, as these were trucked up to the place where they were at work. The sugar, as the bags were opened, went down through the grating. The plaintiff had previously wheeled sugar up to the grating for 19 or 20 days, but he had not worked at emptying sugar bags until the day he was hurt. On that day he was employed at this work 10 or 15 minutes before noon, and resumed it after dinner. In emptying the first bag which was taken up after his return to the platform, the plaintiff supported himself in part by holding on to the corner of the adjacent elevator with his left hand. His hand slipped, he put his foot forward to save himself, stepped into and through the grating, and his leg was caught and crushed in the machinery beneath.

It is plain, from the plaintiff's own testimony, that the immediate occurrence which resulted in this unfortunate and serious injury was an accident pure and simple, for which the defendant is in no wise responsible, unless it can be made to appear that the plaintiff, by reason of the defendant's omission to warn or notify him of the dangerous character of the sugar crusher, was led to undertake the work of emptying sugar there when he would otherwise have refused, or was led to exercise less care in keeping off the grating than he would otherwise have shown. That the plaintiff knew just how the grating was constructed is not open to question. He had been wheeling sugar up to it for nearly three weeks, and had full opportunity to see it then, and subsequently, when he began emptying the sugar upon it, so that he could readily perceive the arrangement of the bars, and how wide they were apart. There was no necessity for the defendant to warn him that, if he stepped upon the grating, his foot and leg would probably go through, as this was evident to the most cursory inspection. The plaintiff knew, also, that there was machinery under the grating, although he says he did not know how far below it was. "When I first commenced to work there," he testified, "the workingmen had said there was some kind of machinery, but what kind I did not know. I had no idea at all how far below the grating the machinery was." And, in another part of his testimony, he said, in answer to the court: "The men told me that there was machinery there to convey sugar to the elevator, but what kind of machinery, or what it was, I did not know, and they did not explain to me." Subsequently, when recalled, and asked what he supposed the sugar was dumped through the grating for, he answered: "All that I knew was that they threw it in there, and others had said that that sugar goes upstairs in some manner."

It is contended, in behalf of the defendant, that the evidence for the plaintiff shows that he was so well informed of whatever danger there was in working at the grating as to dispense with the necessity of any further notice or warning by his employers; and it seems to me that the record justifies this contention. Knowing the situation and character of the grating, and knowing that there was machinery beneath it, which might be only a few inches below, the plaintiff, if he gave the slightest thought to the matter at all, must have been aware that the grating was a dangerous thing to step upon. Under the circumstances, he was as fully warned as he could have been if the defendant's foreman had said to him: "Take care not to step or fall upon the grating. There is machinery underneath, and it is dangerous." It could hardly be held that such a caution would not have been sufficient. I am satisfied that the plaintiff knew that he would be likely to suffer injury if his foot went through the bars of the grating, and, therefore, that he could not safely step upon it. Going to work there, and remaining at work there, with this knowledge, he assumed the risk of the employment; and it is impossible to see how the defendant is chargeable with negligence for not warning him of a danger with which he was already sufficiently acquainted to put him upon his guard against it. The accident was due to the slipping of the plaintiff's hand where he had hold of the neighboring elevator, and, so far as the defendant was concerned, seems to have been inevitable, like the accident under consideration in Buckley v. Manufacturing Co., 113 N. Y. 540, 21 N. E. 717.

The judgment should be reversed, and a new trial granted, with costs to abide event. All concur.