scope of the corporate powers. In this case, as in the one at bar, checks had been given by the defendant for a part of the rent named in the guaranty.

It would be extremely inequitable, under the circumstances of this case, to permit the defendant to avoid liability on the contract, inasmuch as during the terms of both tenants the premises were used for the sale of its beer, and it became assignee of Stahnke's lease, and, in a certain sense, occupant of the premises through Muller's possession. The defendant's counsel contends that the original guaranty ran only to Mrs. Henken, and not to her assigns, and that the contract, being strictissimi juris, cannot be extended for the benefit of her grantee. The answer to this is clear. The plaintiff obtains his rights not alone under the deed of Mrs. Henken, but also under her assignment of the lease and its annexed guaranty, and under the promise contained in the letter of February 25th, in which the defendant promised to pay the rent if Muller failed to pay it by the 20th of each month; the evidence showing that the plaintiff did wait till that time, and that Muller did not pay. This suit is brought to recover the rent which became due during the term of the lease, and which is covered by the original guaranty, as it does not appear that any assent was given by Mrs. Henken or by the plaintiff to the surrender of Stahnke's term, or the change of possession to Muller.

The plaintiff is entitled to recovery, and the judgment is affirmed. All concur.

---

(21 App. Div. 403.)

### GAERTNER v. SCHMITT et al.

(Supreme Court, Appellate Division, First Department. October 22, 1897.)

INJURY TO EMPLOYE—OBVIOUS DANGER.

　　Where a master sets a servant to work at machinery to which he is unaccustomed, but the danger involved is of an open and obvious character, negligence cannot be predicated of the master's failure to warn the servant or instruct him how to avoid the danger.

Appeal from trial term, New York county.

Action by Wilhelm Gaertner against Schmitt & Schwanenfluegel. From a judgment dismissing the complaint, entered on direction of court after trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

August P. Wagener, for appellant.

William Allen Butler and John Notman, for respondent.

BARRETT, J. The plaintiff went into the defendant's employ in June, 1893. For a number of months he was employed in washing beer kegs. In March, 1894, he was assigned to duty, under the carpenter, upon a line of work with which he was unfamiliar. On Wednesday morning, March 21, 1894, the carpenter told him to saw some boards on a circular saw in the shop, and instructed him how to do so. The plaintiff proceeded with this work for some three-quarters of an hour. Then he and the carpenter prepared to use the boards

in repairing an ice box.    Upon examination, one of these boards proved too long for its purpose, and the carpenter ordered the plaintiff to cut it off on what is called a "rip saw."    This rip saw was upon the same table with the circular saw previously used.    The plaintiff objected to the required use of the rip saw, and thereupon the carpenter set the gauge, and told him it was as easy as using the other saw. Plaintiff thus describes what then happened:

"I went there, and I pushed that piece of board through,—it was about three feet long, somewhat like that [describing],—and all at once there was a jump in the saw."

He then says that he found that the first finger of his left hand was cut entirely off, and that the thumb was hanging by the skin.    In subsequent portions of his testimony the accident is described in substantially the same manner.

It is undoubtedly the duty of a master who sets a servant to work at machinery to which he is unaccustomed to give him such instructions as are reasonable and necessary to protect him from injury. A failure in this regard is negligence for which a recovery may be had.    Brennan v. Gordon, 118 N. Y. 489, 23 N. E. 810.    But it does not follow that instructions are necessary solely because the employment is a new one and accompanied with danger.    Where that danger is open and obvious, words are not needed to point it out to the servant, nor are instructions required showing him how to avoid it.    In such a case, negligence cannot be predicated of a failure to warn and instruct, since no such duty exists.    Crown v. Orr, 140 N. Y. 450, 455, 35 N. E. 648.    We think this case is of the latter class.    The danger in using the saw was perfectly obvious to the plaintiff.    He knew as well as any one that, if he allowed his hand to come in contact with it, he would sustain serious injury.    The necessity of holding the board firmly, so that it would not fly up and throw his hand against the saw, must have been present to his mind.    Parts of his testimony lead to the inference that he pushed the board too far, and that the saw struck his hand only after it had gone clear through the wood, which would have been gross carelessness on his part.    But, however that may be, there is absolutely no evidence to show that the accident occurred from a cause against which he should have been warned.    He had done considerable sawing work on the same morning without sustaining injury, and, though he had been using a different kind of saw, there is nothing to show that the difference in the construction of the later saw rendered further instructions in the slightest degree necessary.

The judgment should be affirmed, with costs.    All concur.