JOHN F. LOWCOCK *vs.* FRANKLIN PAPER COMPANY.

Hampden.     September 29, 1897. — October 20, 1897.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Dangerous Machine — Action — Negligence.*

If a boy fifteen years old, who for over a month has worked upon a machine having a revolving cylinder and a belt of felting, between which it was his duty to put sheets of paper which had been pasted together, and which, by the motion of the two, were caught and drawn along and dried by the cylinder, which was hot, is injured by having his hand caught in the machine and burnt by the cylinder, he cannot maintain an action against his employer for his injuries, upon the ground of a failure to instruct him of the danger that his hand would be caught if he put it too far in.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ, by having his hand caught in a machine upon which he was working. At the trial in the Superior Court, before *Dewey,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts sufficiently appear in the opinion.

*W. H. Brooks & W. Hamilton,* for the defendant.

*A. L. Green & W. C. Heywood,* for the plaintiff.

HOLMES, J.    This is an action for personal injuries caused by the plaintiff's hand being caught between a revolving cylinder and a belt of felting in a pasting machine which he was attending, and being burned by the cylinder, which was hot. The

cylinder served the purpose of drying sheets of paper which had been pasted together. The belt of felting pressed the paper against the cylinder, and the motion of the two caught and drew it along. The plaintiff's duty was to put the paper between the two so that it would be caught. According to his testimony, he could put his hand between the cylinder and the felting when the machine was at rest. But he had been engaged upon the work for over a month, he knew that when the machine was in motion it caught and drew in the paper, and he knew that the large cylinder was hot, having burned his knuckles on it before. The negligence relied on is a failure to instruct him of the danger that his hand would be caught like the paper if he put it too far in. Some little reliance is also placed upon the plaintiff's statement that he began to use a split stick to put the paper in and that the foreman told him that it was foolish, that he could use his hands, and it would not be dangerous.

We perceive no sufficient distinction between this case and others which have been decided, and are of opinion that it should have been taken from the jury. Under the circumstances described, whatever his testimony, an intelligent boy of fifteen must be assumed to have known the danger of his hand being drawn in and brought in contact with the hot inward revolving roll. *Crowley* v. *Pacific Mills*, 148 Mass. 228. *Connolly* v. *Eldredge*, 160 Mass. 566. It is suggested that the felt was soft and flexible when at rest, and that the plaintiff may not have appreciated how it would act. But in *Stuart* v. *West End Street Railway*, 163 Mass. 391, the plaintiff was held chargeable with knowledge of the danger of his hand being pulled in by hay which he was holding, — a stronger case than the present.

The alleged statement of the foreman was merely a general characterization of the work as naturally conducted, not an assertion or suggestion that, if one brought his hand in contact with two inward moving surfaces, the usual result would not follow.

*Exceptions sustained.*