## CONSOLIDATED STONE COMPANY v. REDMON.

[No. 2,732.   Filed November 22, 1899.]

MASTER AND SERVANT.—*Negligence.*—*Complaint.*—A complaint alleging that plaintiff was employed by defendant to perform a certain service which was unattended by danger, and that while so employed he was ordered by defendant to perform another and different service, in which he was inexperienced, which was attended by great peril, and that defendant carelessly and negligently failed to instruct him or warn him of such danger, and that such danger was not apparent to an inexperienced person, states a cause of action, and does not show that the servant assumed the risk incident to the employment.   *pp. 319-323.*

SPECIAL FINDING.—*When in Conflict with General Verdict.*—*Master and Servant.*—Where, in an action for damages for personal injuries received by plaintiff while employed in a quarry, the complaint alleged that plaintiff was employed to do special work as a wheeler, which was not dangerous, and that he was ordered to leave his said employment and work upon a channeling machine, which was dangerous, without any warning of the danger, a special finding that plaintiff was employed to do general work is in conflict with a general verdict for plaintiff, under the allegations of the complaint, and precludes a recovery.   *pp. 323-329.*

From the Lawrence Circuit Court.   *Reversed.*

*M. F. Dunn*, for appellant.
*J. R. East* and *T. J. Brooks*, for appellee.

WILEY, J.—Appellant is a corporation and owns and operates a stone quarry.   Appellee was an employe, and while so engaged was injured by appellant's alleged negligence.   This action was to recover damages for such injury.

The complaint is in five paragraphs, and each paragraph is voluminous.   In the first paragraph it is averred that appellee was employed specially as a "wheeler", whose duty it was to wheel stone, dirt, and rubbish in stripping the same off of the ledges of stone; that in the discharge of the duties of his employment, he was free from danger; that he received $1.25 per day; that in taking out stone appellant used what is known as a channeler, which was a heavy

machine run by steam power; that by means of drills working up and down, it cut grooves in stone to the depth of four or five feet; that the drills, weighing six hundred pounds, were set in the machine by means of a chain and pulley at the top, and to adjust such drills safely, it was necessary to elevate them by means of a crank, while another person goes on top of the machine, adjusts the chain on a pulley, and then by reversing the crank the drills are let down into the groove, and to do such work of adjusting on top of such machine requires the service of some one familiar with the running and adjusting of the different parts of the machinery. That appellant was wholly unacquainted and ignorant of the manner of adjusting such drills on the top of said channeler, and did not know of the dangers incident thereto; that he was without experience in such matters, had never had any opportunity of examining or seeing how such matters were done, nor in what place to put his hands to keep them free from danger; that he had never been instructed in such work; that he was wholly without experience, and that appellant knew said fact. That while engaged in the work for which he was employed, he was "by the defendant, its agents and servants in charge of said quarry, ordered and directed to leave his said employment, and to go and work upon said channeling machine and to obey the orders of the channeler in charge of such machine, but that in giving said order, the defendant and its agents in charge of said quarry and machinery, carelessly and negligently failed in any manner to instruct the plaintiff as to the dangers of the new situation in working on said channeler and in adjusting the drills thereof in order to perform the work required of him, and until up to the time of his injuries * * * the said defendant had wholly failed in any manner to give him any instruction whatever or to explain in any manner the dangers attending upon such duties." That under his new duties, it became necessary for him, without direct orders from any one, and without such orders he did go upon

Consolidated Stone Co. v. Redmon.

the top of said machine and fasten or adjust such drills preparatory to letting them down into the grooves; that he fastened the chain upon the pulley with his left hand and held himself upon the machine with his right hand; that by reason of his ignorance of such work and the danger incident thereto, he placed his right hand in such a position on the top of the channeler, that should the drills suddenly fall, the chain holding them would fall on his right arm, and had his arm in such position for one second only; that there was nothing in the appearance of such channeler, machinery, etc., indicating such drills would suddenly fall; that he used his eyesight, mind, and other faculties to determine if there was any danger; that he could see no danger; that he used great care and caution in performing his duties, notwithstanding which the drill and chain attached thereto suddenly and instantly fell, caught his right arm, mashed and mangled it, so that it had to be amputated, etc. This paragraph concludes as follows: "All of which injuries he says he received on account of the sole negligence of the defendant in its ordering plaintiff from a safe place to one of extra hazard, the work and duties required in adjusting such drills being unsafe and dangerous to him without experience, and in its negligent failure to warn, instruct, or explain to plaintiff the dangers of operating such channeler, and the drills thereon." There is also the necessary averment that appellee was without fault or negligence.

The second paragraph has all the averments of the first, and contains the additional averments that the appellant negligently failed to furnish a sufficient number of servants properly and safely to run the channeling machine.

The third paragraph is substantially like the second, except that it charges that appellant's servants in charge of the machine were incompetent, and known to be such by appellant; that such facts were unknown to appellee, and that he was ordered to go upon the machine to adjust the

drills, etc., by one Mitchell, who was in charge thereof, and that said Mitchell struck the drills with a hammer while appellee was so adjusting the drills, when the chain fell and caught his arm.

The fourth paragraph differs from the third in that it is there averred that the channeling machine was defective, both as to its cogs and pulleys; that appellant knew said fact and that appellee was ignorant thereof.

The fifth paragraph states in substance the same facts as to the alleged negligence of appellant, appellee's freedom from negligence, and that the channeling machine was in charge of one Mitchell, whose orders appellee was bound to obey. It was the intention of the pleader to state facts which would bring this paragraph within the provisions of the act approved March 4, 1893, commonly known as the employers' liability act.

The trial court overruled a demurrer to each of these paragraphs, and appellant excepted. The cause was put at issue by answer in denial. Trial by jury resulted in a general verdict for appellee for $2,000. With the general verdict the jury returned special findings of fact by way of answers to interrogatories submitted to them. The appellant moved for judgment in its favor on the facts specially found; also moved in arrest of judgment and for a new trial. Each of these motions was overruled, and appellant has assigned all of said adverse rulings as error.

The learned counsel for appellant has spent much time in discussing the sufficiency of each paragraph of complaint, but has failed to cite any authorities in support of his argument. To take up and discuss *seriatim* the many questions argued by appellant would take much time and labor, without corresponding fruitful results. After a careful consideration of the complaint, and an examination of the authorities applicable to cases of this character, we are led to the conclusion that each paragraph of the complaint stated a cause of action. The complaint in general terms proceeds

upon the theory that appellee was employed by appellant to perform a certain service, which was unattended by danger; that while so employed, he was ordered by appellant to perform another and different service; that he was inexperienced in such latter service; that it was attended with great peril and extra hazard; that he was ignorant thereof, and that appellant carelessly and negligently failed to instruct or warn him of such danger, and that such danger was not apparent to an inexperienced person. We think the facts stated in the complaint bring it within the rule laid down in the case of the *American Strawboard Co.* v. *Faust*, 12 Ind. App. 421, where it was held, under such facts, that the rule that the servant assumed the risk incident to the employment did not apply. The court did not err in overruling the demurrer to each paragraph of the complaint.

The next question discussed by counsel is the overruling of the motion for judgment on the answers to interrogatories. A correct determination of this question necessitates a statement of the facts specially found. The interrogatories and answers thereto are brief, and we give them in full: "(1) Did plaintiff place his arm beneath the chain to which the drills were then suspended, to wit, his injured arm? Yes. (2) Did plaintiff know that the drills were suspended from the chains when he placed his arm beneath the chain? Yes. (3) Did plaintiff after placing his arm beneath the chain hold it there for the space of about one minute before the drills dropped and pulled down the chain upon his arm? Yes. (4) Could not plaintiff have seen had he looked that the drills were suspended from the chain when he placed his arm beneath the chain? Yes. (5) What was there, had plaintiff looked, to have prevented him seeing that the drills were suspended to the end of the same chain that fell upon his arm? Nothing. (6) Did any one give plaintiff any specific command at the time he went upon the channeler to go upon the channeler? No. (7) Did plaintiff not climb upon the channeler to the point where he was

injured without any specific order at the time given for him to so climb? Yes. (8) Had plaintiff not had about ten years'. experience at the time of the accident in working in quarries? No. (9) Had plaintiff not had about ten years' experience at the time of the accident in working in quarries where the Wardwell Channeler was in use? No. (10) Had plaintiff not frequently before the date of his injury worked as a side man with the Wardwell Channeler, a machine similar to the one on which he was injured? No. (11) Could plaintiff not have attached the hook to the drills by reaching over the wire that connected the drills with the chain that fell upon him? No. (12) Was plaintiff not warned by one Mitchell after he (plaintiff) went above to be careful about the chain and the shive and keep the chain in the groove? No. (14) Do you find that plaintiff was employed to do any particular work in defendant's quarry, or was he employed to do general work? General work. (15) Did plaintiff Redmon when he went on the top of the channeler select his own position and his own mode of work? He did. (16) Did plaintiff Redmon place any thing under the chain to prevent the chain from falling on his hands? No. (17) Did plaintiff perform the act which is alleged to have caused his injury in the manner that was ordinarily safest? No. (18) Did the accident occur in broad daylight? Yes. (19) Did not plaintiff have other and absolutely safe ways of doing the work he was doing at the time of the accident so far as any injury to his right hand or arm was concerned? Yes."

To restate the rule so firmly established and so long adhered to in this jurisdiction of the controlling influence of the special findings, where there is irreconcilable conflict between the general verdict and the special findings, would be a useless task. The complaint as a whole proceeds upon

the general theory that appellee was employed by appellant in a line of service wholly free from hazard, and while so engaged he was required by appellant to leave his regular work and engage in a service attended by great hazard, concerning which latter service he had had no experience and was unacquainted with its dangers. By its answer to one of the interrogatories, the jury find that he was not employed to perform any particular service, but under the terms of his employment he was to perform "general work". A part of the work to be performed by the employes of appellant was to operate the channeler and when appellee was injured he was assisting in its operation, and thus was performing a part of the "general work" required of him by the terms of his employment. By the general verdict the jury found that appellee was employed to perform the service alleged in each part of the complaint and by their answer to interrogatory numbered fourteen, they found a specific and affirmative fact, which is in open contradiction to the general verdict. Not only this, but the answer to interrogatory fourteen contradicts the very theory of each paragraph of the complaint, wherein it is charged that appellee was employed specially as a "wheeler". It is a familiar rule that a plaintiff is bound by the theory of his complaint, and that he must recover, if at all, upon such theory. In *Evansville, etc., R. Co.* v. *Barnes,* 137 Ind. 306, appellee sued to recover damages for injuries received as "superintendent of bridges." Upon the trial, he attempted to recover as a passenger on one of appellant's trains. It was held that he could not recover as a passenger, because he had sued as a superintendent of bridges. See, also, *Smith* v. *Louisville, etc., R. Co.,* 124 Ind. 394. Again by the general verdict the jury found that appellant was guilty of all the material acts of negligence charged in the complaint, and that appellee was without fault or negligence on his part which contributed to his injury. By the answers to interrogatories, we are unable to discover any act of negligence on the part of appellant. but

on the contrary, the answers taken and considered as a whole, show that it was free from negligence. But if appellant was negligent, appellee can not recover if his own negligence contributed to his injury, or if his injury was incident to the service in which he was engaged. If appellee was employed to do general work (and this fact is affirmatively found), and he entered upon such work without objection, he assumed the hazards and risks incident thereto. See *Louisville, etc., R. Co.* v. *Sandford,* 117 Ind. 265; *Guedelhofer* v. *Ernsting, ante,* 188, and authorities there cited.

Turning to the interrogatories and answers, a cursory review will readily demonstrate that the facts thereby established preclude appellee's recovery, notwithstanding the general verdict. By these, we find that appellee placed his arm beneath the chain, to which the heavy drills were suspended; that he knew the drills were so suspended; that he held it there for a minute before the drills dropped; that he went upon the channeler without any specific command or direction of any one; that he was employed to do general work; that when he went on the channeler, he selected his own position and his own mode of work; that he did not place anything under the chain to keep it from falling; that he did not perform the work he was doing in the manner that was ordinarily safest; that the accident occurred in daylight, and that he had another and absolutely safe way of doing the work so far as any danger or injury to his hand or arm was concerned. It is plain that the entire machinery with which he was working, and the whole situation, was open and obvious to appellee. He was bound to know that if he placed his hand under the chain to which were attached drills weighing five or six hundred pounds, and the chain with such weights attached should fall upon it, he would be injured. It was an open obvious risk. He took no precautions to keep the chain from falling; he kept his hand under the chain for about one minute; he did not do the work in the ordinarily safest manner, and there was

an absolutely safe way of doing the work. There is nothing in the record to show that appellant was under any legal obligations to give him special instructions or warnings. A failure to warn or instruct creates no liability unless it is negligence, and also such failure is the proximate cause of the injury. There is no negligence without a violation of some duty, and there can be no violation of duty unless such duty exists. Under the facts specially found, it must be remembered that appellee was not ordered to perform extra hazardous work outside of his employment; that if there was danger in the service in which appellee was engaged, such danger was patent and obvious; that he chose his own manner of performing the service, and performed it without any command or direction of any one. Under such facts, no duty was imposed upon appellant to warn or instruct him as to such danger. It is shown that he was injured while working within the scope of the service which he undertook to perform, and from dangers incident to such service. In support of the proposition that it was not negligence in appellant in failing to give appellee instructions as to the dangers he might encounter in the service in which he was engaged, we cite the following authorities: *Gaertner* v. *Schmitt*, 47 N. Y. Supp. 521; *Stuart* v. *Street R. Co.*, 163 Mass. 391, 40 N. E. 180; *Lowcock* v. *Franklin Paper Co.*, 169 Mass. 313, 47 N. E. 1000, 1001; *Rooney* v. *Cordage Co.*, 161 Mass. 153, 36 N. E. 789; *Pratt* v. *Prouty*, 153 Mass. 333, 26 N. E. 1002; *Ciriack* v. *Merchants Woolen Co.*, 146 Mass. 182, 15 N. E. 579; *Arizona Lumber Co.* v. *Mooney* (Ariz.), 42 Pac. 952; *Wilson* v. *Mass. Cotton Mills*, 169 Mass. 677, 47 N. E. 506, 507; *Hazen* v. *Lumber Co.*, 91 Wis. 208, 64 N. W. 857; *Iron Ship-Building Works* v. *Nuttall*, 119 Pa. St. 149, 13 Atl. 65; *Mackin* v. *Alaska, etc., Co.*, 100 Mich. 276, 58 N. W. 999; *Nugent* v. *Kauffman, etc., Co.*, 131 Mo. 241, 245, 257, 33 S. W. 428; *O'Hare* v. *Keeler*, 48 N. Y. Supp. 376, 377; *Crown* v. *Orr*, 140 N. Y. 450, 35 N. E. 648; *Atlas Engine Works*

v. *Randall*, 100 Ind. 293, 50 Am. Rep. 798; *Wabash Paper Co.* v. *Webb*, 146 Ind. 303; *Guedelhofer* v. *Ernsting, ante*, 188, and cases there cited.

Concede for the sake of argument that appellee was inexperienced in the work he was doing, yet appellant had a right to presume that he would exercise some degree of care to avoid injury, and that he would not place himself in a dangerous position unless such position was one which he was ordered to occupy. *Spencer* v. *Ohio, etc., R. Co.*, 130 Ind. 181; *Atlas Engine Works* v. *Randall*, 100 Ind. 293. The law of negligence is so firmly established that there is no longer any speculation or uncertainty about it. An employer is not liable for an injury to his employe that could not reasonably have been anticipated. *Standard Oil Co.* v. *Helmick*, 148 Ind. 457. Here appellant could not have anticipated the happening of the particular accident that resulted in appellee's injury. We take it to be the law that if there are two ways of performing an act, one of which is attended with peril or danger, and the other is absolutely safe from danger, and the person performing the acts, upon his own volition, chooses the dangerous way, and is injured, he can not call upon his employer to respond in damages. Such conduct would constitute contributory negligence. See *Erskine* v. *China, etc., Co.*, 71 Fed. 270; *Wabash Paper Co.* v. *Webb*, 146 Ind. 303. Another well established rule is, that where danger is alike open to the observation of all, both the master and the servant are on an equality, and the master is not liable for any injury to the servant resulting from the dangers of the business in which he is engaged. Beach on Cont. Neg. §140; Bailey's Personal Injuries, §§777, 778; *Rush* v. *Missouri, etc., Co.*, 36 Kan. 129; *Burlington, etc., R. Co.* v. *Liehe*, 17 Col. 280, 286, 29 Pac. Rep. 175; *Vincennes, etc., Co.* v. *White*, 124 Ind. 376; *Griffin* v. *Ohio, etc., R. Co.*, 124 Ind. 326; *Atlas Engine Co.* v. *Randall*, 100 Ind. 293.

The facts specially found bring appellee within the rule

Consolidated Stone Co. v. Redmon.

just stated. A further discussion of the question seems useless.

The facts specially found irresistibly lead to three conclusions: (1) That appellee assumed the risks incident to his employment; (2) that he was negligent in the manner of performing the service in which he was engaged, and (3) that appellant was not negligent as charged. These facts being thus established, they can not be reconciled with the general verdict upon any supposable state of the evidence, and they controvert some fact or facts which constitute an essential and indispensable part of appellee's cause of action. In such case, the special facts found are in irreconcilable conflict with the general verdict. The general verdict necessarily affirms that appellant owed to appellee a duty that it did not perform; that it was negligent, as charged, and that appellee was without negligence. These facts are flatly and unequivocally contradicted by the special findings. As was said in *Pennsylvania Co. v. Myers*, 136 Ind. 242: "In case of such conflict, the statute requires us to treat the special findings as true, and the general verdict, to the extent of such conflict, as untrue; and requires us to hold that the former shall control the latter, and to give judgment accordingly." §547 R. S. 1881, §547 Burns 1894. So it appears that the special findings in the case before us so far destroy the force of the general verdict as to show that appellee has wholly failed to establish his cause of action against appellant, as charged in his complaint. This conclusion makes it wholly unnecessary for us to determine other and very interesting questions which counsel have so ably discussed.

The judgment is reversed, and the court below is directed to sustain appellant's motion for judgment on the answers to interrogatories.