## Citizens Street Railroad Company v. Brown.

[No. 3,508. Filed May 27, 1902.]

Master and Servant.—*Personal Injuries.*—*Service Outside of Employment.*—*Complaint.*—A complaint by a servant for personal injuries sustained while performing services outside of his regular employment, at the instance of the master, is insufficient, where it is merely alleged that the work he was directed to do was dangerous, without showing in what the danger consisted.

From Marion Superior Court; *J. M. Leathers,* Judge.

Action by Edward F. Brown against the Citizens Street Railroad Company for damages for personal injuries. From a judgment for plaintiff, defendant appeals. *Reversed.*

*F. Winter, S. O. Pickens* and *W. H. Latta,* for appellant.
*Wilborn Wilson, W. R. Gardiner, C. E. Barrett* and *E. A. Brown,* for appellee.

WILEY, C. J.—Appellee sued appellant to recover damages sustained while he was in its service as an employe, and recovered a judgment for $1,200. The record shows that his complaint was in two paragraphs. The first is called an amended complaint. To this paragraph appellant answered, setting up a written release whereby appellee, for an expressed consideration, released it from liability on account of the injury complained of. Thereupon appellee filed an additional paragraph of complaint, differing only from the amended complaint in that it pleaded facts in avoidance of the release alleged to have been executed by appellee. The court below overruled a demurrer to each paragraph of the complaint, and such ruling is challenged by the assignment of error.

The amended complaint avers that in August, 1890, appellee was employed by appellant to work in its barn to care for its mules, and was not employed to perform any other service; that in January, 1894, appellant, by its agent, to whose order he was bound to and did conform, and without explaining the duties and dangers thereof, and without giving him any instructions, or cautioning him as to such new work, directed him to assist in moving some iron frogs and other heavy material. That said work was dangerous, as appellant well knew, to a person unaccustomed to and unskilled in such work; that he was ignorant of the duties and dangers incident thereto; and that without fault or negligence on his part, in attempting to assist in said work, he was pulled over, his hand caught, his fingers mashed, his wrist, hand, and arm sprained, etc. As the acts of negligence charged in the second paragraph are the same as in the amended complaint, we omit further reference to it.

The acts of negligence, as charged in the complaint, may be reduced to two simple propositions: (1) In ordering appellee to assist in moving an iron frog which was of itself a hazardous undertaking, which appellant knew was hazardous, and of which appellee was ignorant; (2) that while engaged in assisting to remove the frog he was pulled over and injured. In charging that appellee was ordered to assist in removing "other heavy materials," no issuable fact is presented, for we are left in ignorance of what such other heavy materials consisted. The charge is too vague and uncertain. The complaint does not even describe what an "iron frog" is, but, aided by common knowledge, we know what it means when used in connection with railroads.

The simple question for decision is this: Is it a hazardous or dangerous undertaking for a person unaccustomed and unacquainted with such work to assist in moving such a device? Under the averments of the complaint, we do not think any act of negligence is charged against appellant. The complaint does not disclose any state of facts to show that such work was hazardous. The mere statement that it was dangerous, that appellant knew it, and that appellee was ignorant of the danger, does not make it so. The act of assisting to move a heavy piece of iron, such as a railroad frog, is not of itself dangerous. There is no averment in the complaint that the danger was latent. It follows, therefore, that if it was a dangerous undertaking, the danger was as obvious to appellee as to appellant.

Courts have never held that a servant who is ordered to perform labor outside of the scope of his employment, as fixed by his contract, is not bound to exercise ordinary care to secure his own safety. Nor has it ever been held that a servant can recover from his master for injury received in the line of his employment which he might have avoided by the exercise of ordinary care. And the rule is also that where dangers are as open, obvious, and apparent to the servant as to the master, the former assumes the risks, and

can not recover for injuries received. The complaint fails to aver that the dangers to which appellee was subjected were not apparently such that they could have been avoided by the use of ordinary care.

In *Weis* v. *City of Madison,* 75 Ind. 241, 30 Am. Rep. 135, it was said: "The question of negligence or no negligence is to be determined from the facts pleaded, and the presence or absence of general epithets adds no real force to the facts stated. If the facts stated are sufficient to show negligence, the absence of epithets does not impair their force; if they are not sufficient, no mere epithets can supply the want."

The complaint before us charges that appellee was directed to perform a service outside of his regular employment, and avers that such additional service was, in itself, dangerous; that appellant knew it was dangerous, and appellee was ignorant thereof. There is no averment that the place where appellee was directed to work was a dangerous place, nor that the frog he was directed to assist in moving was in itself dangerous to handle. We can not, under the facts pleaded, bring ourselves to the unsupported conclusion that there is any more hazard in moving an iron frog than there is in any common, ordinary labor where special skill is not required. The complaint does not even state what weight the frog was, how it was constructed, how and where appellee took hold of it, how he was "pulled over;" and there is no connecting or casual relation alleged to exist between the acts with which appellant is charged and the injury, which it is alleged, the appellee received.

The act or proximate cause of appellee's injury was being "pulled over" while he was assisting to move the frog, and in this particular act of being "pulled over" the complaint fails to charge any negligence on the part of appellant. If appellee's injuries were occasioned by being "pulled over" while assisting to move a "frog", and this must be taken as true for it is so charged in the complaint,

then the complaint is fatally defective for failing to aver that the act was negligently done. The act done, or omitted to be done, upon which negligence is based, should be characterized in the complaint as having been negligently done, or negligently omitted. *Louisville, etc., R. Co.* v. *Hicks,* 11 Ind. App. 588.

The complaint does not charge that appellee was pulled over by the appellant, or that it was done by anything in connection with the work that was known to be dangerous, or by anything or in any manner of which the plaintiff was ignorant, or of which appellant had knowledge, or by anything that was produced or brought about, or was the result of any act or conduct upon the part of appellant. See *Reed* v. *Browning,* 130 Ind. 575; *Town of Williamsport* v. *Smith,* 2 Ind. App. 360; *Becker* v. *Baumgartner,* 5 Ind. App. 576; *Peerless Stone Co.* v. *Wray,* 10 Ind. App. 324; *Consolidated Stone Co.* v. *Redmon,* 23 Ind. App. 319; *Guedelhofer* v. *Ernsting,* 23 Ind. App. 188.

The complaint being insufficient against a demurrer, errors, if any, subsequent to the ruling thereon, need not be considered.

Judgment reversed, and the court below is directed to sustain the demurrer to each the amended and second paragraphs of complaint.