The Ohio and Mississippi Railway Company *v.* Hawkins.

No. 84.

## THE OHIO AND MISSISSIPPI RAILWAY COMPANY *v.* HAWKINS.

NEGLIGENCE.—*Pleading.* — *Complaint.*—*Contributory Negligence.*—Where a complaint charges negligence upon the part of the defendant producing an injury, and avers that the plaintiff was without fault contributing to the injury, it will be held good, unless it necessarily appears from other averments that the plaintiff was, in.fact, blameworthy.

From the Martin Circuit Court.

*T. J. Brooks*, for appellant.

CRUMPACKER, J.—Hawkins sued the Ohio and Mississippi Railway Company in the Martin Circuit Court to recover damages for an alleged injury to a horse owned by him, which was caused by defective approaches to the railroad at a public street crossing.

The complaint alleges, in substance, that the appellant was a railroad corporation, and owned and operated a line of railroad traversing Martin county, Indiana, and which runs through the town of Shoals in said county; that said railroad crossed a public street in said town of Shoals, known as "Water street," and that it was the appellant's duty to keep and maintain the approaches at such crossing in a reasonably safe condition for travel, but that, disregarding such duty, it carelessly and negligently suffered and permitted such approaches to become and remain defective and out of repair; that the appellee was the owner of a horse of the value of one hundred dollars, and at a time when said street crossing was in the defective and dangerous condition aforesaid, the appellee, without knowledge of its condition, attempted to drive said horse across the railroad at such crossing, and without fault upon his part, said horse broke through the defective and rotten planking at the approaches to said crossing and was injured thereby, so that he was rendered wholly worthless. Wherefore judgment is prayed.

No demurrer was filed to the complaint, and issues were joined upon the general denial. The cause was tried by a jury, and a verdict returned in favor of the appellee.

The appellant filed a motion for a new trial, which was overruled, and judgment was entered upon the verdict.

Upon this appeal the appellant assigns for the reversal of the judgment:

1. That the complaint does not state facts sufficient to constitute a cause of action.

2. Error in overruling the motion for a new trial.

The only alleged objection to the complaint to which our attention is invited consists of an assertion that it does not sufficiently negative contributory negligence, in that it does not aver that the appellee was ignorant of the defective condition of the crossing at the time of the injury.

It is expressly alleged that he had no knowledge of the dangerous condition of the crossing at that time, and that the injury occurred without his fault.

There is no foundation in fact for the objection made by appellant's counsel, and we are inclined to the opinion that there is none in law. It is not necessarily negligence for one to travel upon a public street which he knows to be defective. Where a complaint charges negligence upon the part of the defendant, producing an injury, and avers that the plaintiff was without fault contributing to the injury, it will be held good unless it necessarily appears from other averments that the plaintiff was in fact blameworthy. *City of Richmond* v. *Mulholland*, 116 Ind. 173; *City of Elkhart* v. *Witman*, 122 Ind. 538.

The complaint is sufficient to withstand the attack made by the assignment of error.

Only one cause for a new trial is presented to our notice, and that is that the verdict is not sustained by sufficient evidence.

Counsel for appellant admits that there is some evidence supporting the verdict upon all of the essential questions in-

volved in the case, but he contends that it consists principally of the testimony of the appellee, and that he is contradicted by the testimony of a number of credible witnesses, and upon this ground the judgment ought to be reversed.

The function of weighing conflicting evidence belongs solely to the trial court and jury, and we have neither the right nor inclination to usurp it.

This appeal is entirely destitute of merit, and bears every indication of having been prosecuted principally for delay.

The judgment is affirmed, with ten per cent. damages, and costs.

Filed April 18, 1891.