No. 448.

## STEWART ET AL. *v.* PATRICK.

MASTER AND SERVANT.— *Injury to Minor.—Dangerous Machine.— Complaint.—Contributory Negligence.—*In an action to recover for personal injuries alleged to have been sustained by a minor, the complaint averred that the plaintiff, a lad of sixteen, was required by the defendants, against his will, to operate a dangerous machine, viz., a planer, with rapidly revolving and uncovered knives; that he had no knowledge of the dangers and hazards of said machine; that the defendants were fully acquainted with the dangers incident to the operation of the machine, but failed to inform the plaintiff thereof; that while he was trying to cleanse the shavings from in front of the knives in said machine, and to oil the part of the same in front of said knives, so he could insert the planks therein, his hand was drawn into the machine and three of his fingers cut off.

*Held,* that the averments were sufficient to overcome any presumption of negligence that might arise from the fact of the plaintiff's placing his hand so dangerously near the planer while it was in motion. *Atlas Engine Works* v. *Randall,* 100 Ind. 293, distinguished.

SAME.—*Contributory Negligence.—Answers to Interrogatories Establishing.*— Where in such an action the jury found in their answers to interrogatories that the plaintiff was a bright, intelligent boy, 16 years of age; that he had knowledge of the dangerous condition of the machine he was operating, and knew that he must be careful in order to avoid injury; that he had received some instruction and caution from the defendants as to the use of the machine and its hazards, though not as much as they should have imparted to him; that he was hurt while wiping the platform of the machine in front of the revolving knives; that it was not necessary for him to do this in the performance of his duty in operating the machine; that he knew how to stop the machine, and could easily have done so, and that he was not ordered or directed by the defendants to do the work in which he was so engaged when his fingers came in contact with the revolving knives, the answers show such contributory negligence on the part of the plaintiff that a general verdict in his favor must be set aside.

PRACTICE.—*Judgment upon Special Finding.—When will not be Ordered.*— Where the court is satisfied from the record that injustice would result by ordering a judgment upon the special finding or verdict, it is its duty to remand the cause, with directions to grant a new trial.

From the Shelby Circuit Court.

*T. B. Adams* and *I. Carter*, for appellants.
*K. M. Hord* and *E. K. Adams*, for appellee.

REINHARD, J.—The appellee is a minor and prosecutes this suit against the appellants in his own name, as a poor person. He was in the employment of the appellants, at their planing mill and while thus engaged had three fingers of his right hand cut off in a planer, for which he brought this action for damages in the court below. There was a demurrer to the complaint and the overruling of the same is the first error relied upon.

The complaint alleges, in substance, that on the 15th day of June, 1890, the appellants were the owners and proprietors of a certain planing mill in Shelbyville, Indiana, in which they operated a large quantity of machinery by belts and shafts attached to a steam engine; that as a part of the machinery attached to said mill and engine by shafts and belting there was what is known as a planer, which is used

to plane planks and boards by means of revolving metallic knives set in a frame so arranged as to draw the plank through said frame by contact with said revolving knives that revolve with great force and speed, so that any object touching or coming in contact with the same is drawn with great force and rapidity between said knives; that said knives are exposed and not covered up, so as to prevent objects coming in contact therewith, and said planer is a very dangerous machine to operate, even by persons of experience and mature years, of which fact the appellants had full knowledge; that upon said day the appellee was in the employment of the appellants in said planing mill, at which time he was an inexperienced boy, only sixteen years old, without any knowledge of the dangers and hazards of said machine; that upon said day he was required by the appellants, against his will, to operate said machine; that the appellants were fully acquainted with and informed of the dangerous and hazardous character of said work and the liability of the appellee to be injured thereby, and said appellants also well knew that by reason of appellee's immaturity and inexperience he was not competent to run and operate said machine with safety to himself; that the appellants, well knowing the said appellee to be without experience and young in years and that he could not avoid or appreciate the danger of operating said machine, did not instruct him in the mechanism thereof or how to operate it, nor did they give him any warning as to the dangers of operating the same, as they should have done; that on said day and while he was trying to cleanse the shavings from in front of the knives in said machine and to oil the part of the same in front of said knives, so that he could insert the planks therein, his hand was violently and forcibly jerked into said machine between the knives thereof and three fingers were cut off and severed from his right hand, without any fault or negligence on his part whatever; that he is a person who must depend upon his daily labor for his support, and by reason

of his said injury he is wholly disabled from manual labor and he, by reason of the injuries aforesaid, has suffered great pain and anguish of mind and incurred a liability of $25 for medical attendance and nursing to become healed of his injuries, whereby he is damaged in the sum of $5,000, for which he demands judgment.

If we correctly understand the counsel for appellants, the particular objection they urge against the sufficiency of the complaint, is that notwithstanding the general averment of appellee's freedom from contributory negligence, the pleading is still defective in this respect, inasmuch as the other allegations disclose affirmatively that the appellee did contribute to the injury by his own negligence, and as the general averment must yield to the specific in this regard, the defect is a fatal one.

The complaint proceeds upon the theory that the appellants have rendered themselves liable by placing the appellee, a young and inexperienced boy, in charge of a machine, the operation of which was attended with great peril and hazard, without having duly instructed him in its use, and warned him of the danger by which he was constantly surrounded. Such an act, in our judgment, constitutes a tort, for which, if injury results from it, the party guilty of the same is liable in damages, unless there be a concurrence of contributory negligence by the injured party. *Taylor* v. *Wootan,* 1 Ind. App. 188 ; *Brazil Block Coal Co.* v. *Gaffney,* 119 Ind. 455 ; *Brazil Block Coal Co.* v. *Young,* 117 Ind. 520 ; *Danley* v. *Scanlon,* 116 Ind. 8 ; *Louisville, etc., R. W. Co.* v. *Frawley,* 110 Ind. 18 ; *Atlas Engine Works* v. *Randall,* 100 Ind. 293.

Do the facts pleaded show contributory negligence ?

There is, as we have seen, a general averment of the appellee's freedom from fault contributing to the injury, and where this is the case, the specific averments, in order to render the complaint defective in this respect, must clearly disclose that the appellee's negligence was instrumental, in

part at least, in bringing about the injury complained of *Ohio, etc., R. W. Co.* v. *Hawkins,* 1 Ind. App. 213. The fact that the appellee was a minor is not of itself sufficient to change the rule that contributory negligence will defeat a recovery. *Atlas Engine Works* v. *Randall, supra.* But that there is a distinction between the duty an employer in such cases owes to an adult, and that due to a person of tender age and want of experience in such employment, is well settled. *Indianapolis, etc., R. W. Co.* v. *Pitzer,* 109 Ind. 179; *Hill* v. *Gust,* 55 Ind. 45; *Brazil Block Coal Co.* v. *Gaffney, supra ; Brazil Block Coal Co.* v. *Young, supra.*

The contention of appellants' counsel seems to be that when the appellee placed his hand so near the revolving knives that it was drawn in and cut, he was guilty of negligence, which will prevent a recovery. It is argued that as the danger was sufficiently apparent for a person of ordinary intelligence to observe, and as with only ordinary diligence the accident could have been avoided, negligence is shown. With this view we can not agree. The averments as to appellee's age and inexperience, the failure of appellant to instruct and warn him, and the allegation that appellee was required to do this work by the appellant against his (appellee's) will, are sufficient, we think, to overcome any presumption of negligence that might arise from the fact of the appellee's placing his hand so dangerously near the planer while it was in motion.

We do not think the case of *Atlas Engine Works* v. *Randall, supra,* sustains the appellant's position upon the questions he raises as to the sufficiency of the complaint. The decision in that case was based upon the fact that both the master and servant were shown to have had equal knowledge of the danger of the services required and the means of avoiding it, while in the case before us it is alleged that the master had full knowledge of these matters, but that the servant was utterly ignorant of them and too young

and inexperienced to appreciate them without instruction and warning, which the appellant failed to give him.

We regard the complaint in the present case as sufficient, and the demurrer as having been correctly overruled. Upon issues joined there was a trial by jury and a verdict for the appellee. The jury, with their general verdict, also returned certain answers to interrogatories that had been submitted to them by the court. There was a motion by the appellants for judgment in their favor upon the answers to the interrogatories, which was overruled.

The appellants, in their motion for a new trial, assigned as a cause the insufficiency of the evidence to sustain the verdict. The overruling of the motion for judgment upon the answers to interrogatories and of the motion for a new trial are properly assigned as error, and upon these a reversal of the judgment is asked.

It is contended by counsel for the appellants that it clearly appears by the answers to the interrogatories that the appellee incurred the injury complained of through his own negligence, and can not recover. The facts found by the jury in their answers to the interrogatories are, in substance, that the appellee was a bright, intelligent boy, 16 years of age; that he had knowledge of the dangerous condition of the machine he was operating, and knew that he must be careful in order to avoid injury; that he had received from the appellants some instruction and caution as to the use of the machine and its hazards, though not as much as they should have imparted to him; that he had been using the machine from five to eight weeks before the injury, and that he had no other experience in connection with such machinery; that he was hurt by the machine while wiping its platform, in front of the revolving knives, with pieces of cotton waste; that it was not necessary for the appellee to do this in the performance of his duty in operating the machine; that he knew how to stop the machine and could easily have done so; that he was not ordered or directed by the appellants to

do the work in which he was so engaged when his fingers came in contact with the revolving knives.

These facts, as found by the jury, we are constrained to hold, show negligence in the appellee. It is impossible to see how it can be maintained that freedom from contributory fault is shown when it is specially found by the jury that the injured party, though but sixteen years old but possessing at least ordinary intelligence for his age, received his injury by doing an act in connection with his employment which he was not required to do, and which was not necessary for him to do, and that, too, when he knew the danger by which he was constantly attended and the necessity for exercising corresponding care and vigilance. Certainly it can not be seriously argued that the appellants must have anticipated that the appellee, without orders, and without necessity therefor, would engage in the performance of an act so obviously perilous as wiping the platform in such close proximity to the revolving planer. The appellants were bound to anticipate only the ordinary or probable consequences resulting from acts the appellee was required to perform. They could no more be required to assume that a boy sixteen years old, of good intelligence and at least reasonably familiar with the hazards of the employment and machinery, would probably do the unnecessary and unrequired act of wiping off the platform so near the knives as to have his hand come in contact with the same, than that he would voluntarily place his hand in the machine and have it cut off. We can not set aside the finding of the jury that the particular work was unnecessary, and that he was not ordered to perform it. It will not do to say that we must know that wiping off the shavings and dust from the platform of the machine is a necessary part of the employment in which the appellee was engaged. The jury found otherwise. For aught we know the machine may have been so constructed as to clean itself. We are bound to accept the

answers to the interrogatories as conclusive unless they can be reconciled with the general verdict.

This is not a case where an infant of such tender years and lack of experience is placed at an employment of so dangerous a character that no amount of instruction or warning would avail to avert the probable injury. There, as we have seen in connection with discussing the sufficiency of the complaint, the employment of the servant at such work is itself an actionable wrong and can not be cured by instructions. The complaint, as has been seen, does not proceed upon that theory. It avers that the boy had not received sufficient training and had not been made sufficiently acquainted with the character of the work he was to do and the danger of the surrounding situation. It also alleges that the work of wiping off the platform near the knives was necessary and required in connection with appellee's employment.

A person employed at such work, though an infant of only sixteen years of age, is required to exercise *some* degree of care to avoid injury. Otherwise the employer would be liable in damages for the injury of every minor employee, however carelessly or recklessly the latter may have acted when the injury was received. This, however, as the authorities already cited abundantly show, is not the law. The employee must use such care as may be reasonably expected from one of his age, experience, intelligence, etc. Whether such reasonable care was in fact exercised by him is of course a question for the jury under the evidence. But when the jury find, in effect, that this was not done by the employee, a general verdict in his favor can not be upheld. The appellee, in the present case, is shown by the jury's answers to the interrogatories to have been guilty of contributory negligence.

This conclusion requires us to reverse the judgment. As we have seen, the sufficiency of the evidence to sustain the verdict is likewise challenged. We have examined the evidence, and while it might be held sufficient to support the

verdict if no answers to interrogatories had been returned by the jury, in the interest of justice we think it best to remand the case for a new trial rather than to direct a judgment, notwithstanding the verdict.

Other questions raised need not now be considered.

Judgment reversed, with directions to grant a new trial.

Filed Mar. 16, 1892; petition for a rehearing overruled June 11, 1892.

## MOTION TO CHANGE MANDATE.

REINHARD, J.—Appellants' counsel have filed a motion to change the mandate herein, so as to require the court below to render judgment for the defendants upon the answers to interrogatories notwithstanding the general verdict.

No notice appears to have been served upon appellee's counsel of this motion, but in view of the conclusion which we have reached, it will not be necessary to delay our decision on that account. We have again carefully examined this question, and are still satisfied with the conclusion reached in the opinion. We do not think the ends of justice would be best subserved by ordering a judgment such as the appellants insist upon. We think this conclusion is amply supported by both the statute and the decisions. Section 660, R. S. 1881; *Parker* v. *Hubble,* 75 Ind. 580; *Sohn* v. *Cambern,* 106 Ind. 302; *Shannon* v. *Hay,* 106 Ind. 589; *Higham* v. *Harris,* 108 Ind. 246; *Buchanan* v. *Milligan,* 108 Ind. 433; *Western Union Tel. Co.* v. *Brown,* 108 Ind. 538; *Bartholomew* v. *Pierson,* 112 Ind. 430; *Sinker, Davis & Co.* v. *Green,* 113 Ind. 264; *Slifer* v. *State, ex rel.,* 114 Ind. 291; *Chicago, etc., R. R. Co.* v. *Meyer,* 117 Ind. 563; *Murdock* v. *Cox,* 118 Ind. 266; *Louisville, etc., R. W. Co.* v. *Etzler,* 119 Ind. 39; *Noblesville Gas, etc., Co.* v. *Loehr,* 124 Ind. 79; *Hasselman* v. *Japanese, etc., Co.,* 2 Ind. App. 180; *Campbell* v. *Nixon,* 2 Ind. App. 463; Elliott's App. Proced., sections 563, 568.

We think the law is well settled by these authorities, that where the court is satisfied, from looking at the whole rec-

ord, that injustice might result by ordering a judgment upon the special finding or verdict, it is its duty to remand the cause, with directions to grant a new trial.

The motion is overruled.

Filed April 14, 1892.