CLEVELAND, C., C. & ST. L. RY. CO. v. TARTT.

(Circuit Court of Appeals, Seventh Circuit. December 14, 1894.)

No. 128.

RAILROAD COMPANIES—INJURIES TO PERSONS ON TRACK—INSTRUCTIONS—INFANT.
    Where a bright, intelligent boy, eight years and seven months old, is killed by a train while walking along the track, it is reversible error to refuse to instruct the jury, in an action for his death, that if he entered the right of way for his own convenience, and walked along the track in a dangerous position, and did not use his faculties as a person of like age could,

and failed to use ordinary prudence to learn if a train was approaching, when by so doing he might have avoided injury, he was not exercising ordinary care, and the plaintiff could not recover unless the injury was willfully inflicted.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

Action on the case by James T. Tartt, administrator of the estate of Jesse H. Phillips, Jr., against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, for causing the death of said Phillips. Plaintiff obtained judgment. Defendant brings error.

John T. Dye and George F. McNulty, for plaintiff in error.
A. R. Taylor, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

BAKER, District Judge. The plaintiff's intestate was a boy eight years, seven months, and six days old at the time he was killed. He was a strong and healthy boy, and bright and intelligent for his age. The facts in this case, and the circumstances connected with the fatal collision, are sufficiently disclosed in the case of Railway Co. v. Tartt (just decided) 64 Fed. 823. A number of questions are presented by the assignment of errors which have been argued by counsel. The decedent was old enough to be prima facie responsible for his trespasses, as well as chargeable with contributory negligence for a failure to exercise ordinary care, having regard to his age and intelligence, and the circumstances in which he was placed when killed. The court declined to instruct the jury that if they believed that the deceased, for his own convenience, entered on the right of way of the railroad company, and walked along the track, either on it or close to it, in a dangerous position, and did not use his faculties as a person of like age could, and failed to use ordinary prudence to learn if a train was approaching, when the use of such faculties as he possessed would have notified him that a train was approaching in time to avoid the injury. he was not exercising ordinary care, and the plaintiff could not recover unless the injury was willfully and wantonly inflicted. This instruction, and others of like character, stated a proposition of law with substantial accuracy, which was applicable to the facts of the case, and it was error to refuse so to instruct the jury. The charge given by the court did not clearly and distinctly embody the substance of the above instruction. In view of what is said in the case of Railway Co. v. Tartt, nothing further need be added in this case. The case is reversed, at the costs of the appellee, and remanded to the court below with instructions to grant a new trial, and to permit the appellee to amend his declaration if he so desires.