ROSIE RUCHINSKY *vs.* JONATHAN G. FRENCH & another.

Essex. November 5, 1896. — February 27, 1897.

Present: ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Warning and Instructions as to Use of Dangerous
Machine — Negligence.*

An employee, thirty years of age and of ordinary intelligence, who knows noth-
ing of the dangers of the machine upon which he is working and who is not
familiar with machinery, cannot recover of his employer for injuries occasioned
to his hand by being caught in revolving cog wheels, if the employer had a right
to assume that the employee had that knowledge which is acquired by common
experience, and was under no obligation to warn him that if he put his hand
between the wheels he would be hurt; and the fact that his employer told him
to work "quick" cannot be regarded as evidence of negligence.

TORT, for personal injuries occasioned to the plaintiff while
in the defendants' employ. At the trial in the Superior Court,
before *Sherman, J.,* there was evidence tending to show that at
the time of the accident the plaintiff was engaged in pulling
squares of pasted leather, in size about twenty-four inches by
eighteen inches and about an inch thick, through the rollers of

a splitting machine, under the immediate personal direction of one of the defendants, who was passing the leather squares between and through the rollers of the machine; that at each end thereof, on the side where the plaintiff was at work when injured, and in plain sight, were cog wheels which were unguarded, the space about the machine being sufficiently lighted; that the machine, which was similar to a rolling mill machine, consisted of an upper and an under cylinder or roller, each turned by cog wheels on either end of the machine, which were connected with power by ordinary pulley wheels; that there was also a knife or blade between the rollers which served to split or skive the leather squares as they were put through the rollers; that one of the defendants stood on one side of the rollers and inserted between them the leather square, and the plaintiff, who stood on the opposite side, took hold of the leather square as soon as it appeared through the rollers, and pulled it completely through, the square being split by the knife during the process of going through the rollers, and a portion of it falling to the floor; and that when the square had been pulled entirely through by the plaintiff, it was her duty to put it on the floor to her left, and while doing this it was natural and reasonable for her to pass her hands very near the cog wheels of the machine.

It also appeared that the plaintiff was of ordinary intelligence, and at the time of the accident, which occurred on November 8, 1894, was thirty years old, understood the English language imperfectly, and was unfamiliar with machinery. She had never been in a factory before, and had been in the defendants' factory one day and a half at the time of the accident.

The plaintiff testified that, being called to this machine by one of the defendants in the early afternoon, she was directed by him to take hold of the leather as it came through the rollers, to pull upon it, and to lay it on the floor at her side when she had pulled it through; that she had never observed the machine or its working before; that she knew nothing of its dangers, and was given no warning as to its dangers, and no instructions as to the working of the machine; that she commenced pulling the leather squares through the machine, and was told by the defendant, working on the opposite side of the machine, to work "quick"; that thereupon she hurried in her work, and had

pulled a few pieces of the leather through, and laid them on the floor, when she caught her hand in the cogs of the wheels of the machine on her left. She further testified that, while she was taking the leather squares from the rollers and putting them on the floor, these cogs were hidden from her view by the leather squares in her hands, and that she had not noticed them during the short time in which she was at work at the machine, and that her hand was caught in the cogs after she had laid a leather square upon the floor and was bringing her hand back to the machine to pull another square through.

The judge, at the request of the defendants, directed a verdict for the defendants; and the plaintiff alleged exceptions.

*E. B. Fuller*, for the plaintiff.

*B. B. Jones & M. A. Pingree*, for the defendants.

LATHROP, J. The plaintiff in this case does not contend that the defendants were in fault in not guarding the cog wheels. Her contention is that she should have been warned, when set to work upon the machine, that there were cog wheels upon the sides, and that if she got her hands into them she would be hurt. The cog wheels were in plain sight, and there was no hidden danger. The plaintiff was thirty years old, and of ordinary intelligence. While she testified that she knew nothing of the dangers of the machine, and the exceptions state that she was unfamiliar with machinery, the defendants had a right to assume that she had that knowledge which is acquired by common experience, and were under no obligation to warn her that if she put her hand between revolving cog wheels she would be hurt. *Ciriack* v. *Merchants' Woolen Co.* 151 Mass. 152, 156, and cases cited. *Stuart* v. *West End Street Railway*, 163 Mass. 391.

The work which the plaintiff was set to do was pulling squares of leather through a machine, and placing them on the floor. The plaintiff contends that the case should have been submitted to the jury, because one of the defendants told her to work "quick," and she hurried in her work; and, after she had pulled a few pieces of leather through, her hand was caught. But we do not see that the fact that she was told to work "quick" was, under the circumstances of the case, evidence of negligence on the part of the defendants. *Ciriack* v. *Merchants' Woolen Co.* 146 Mass. 182.     *Exceptions overruled.*