Morewood Co. v. Smith.

---

THE MOREWOOD COMPANY *v.* SMITH ET AL.

[No. 3,410.   Filed April 17, 1900.   Rehearing denied June 29, 1900.]

CONTRIBUTORY NEGLIGENCE.—*Personal Injuries.—Master and Servant.*—In an action by an employe for personal injuries sustained while working about a machine in defendant's factory, a finding by the jury that it was not necessary that plaintiff should come in contact with the cog-wheels which caused the injury, in the proper performance of his duties, and. that he came in contact with said wheels through his own thoughtlessness and inattention, shows negligence of plaintiff contributing to his injury, and precludes a recovery.   *pp. 267-270.*

MASTER AND SERVANT.—*Employe Acting Under Orders.—More Hazardous Employment.*—The rule that where a master orders a servant to do something not contemplated in his employment it does not necessarily follow that the servant either assumes the increased risk or is negligent in obeying the order although the risk is equally

Morewood Co. *v.* Smith.

open to the observation of both, can only apply where the servant is ordered from his usual employment, temporarily, to do something not connected therewith  *pp. 270, 271.*  ·

From the Grant Circuit Court.  *Reversed.*

*H. J. Paulus* and *O. L. Cline,* for appellant.
*W. S. Marshall* and *C. G. Gordon,* for appellees.

HENLEY, J.—This cause was appealed to the Supreme Court and by that court transferred to the Appellate Court on the 3rd day of March, 1900.

This is an action for damages commenced by appellee by his next friend, Charles F. Feltis, against appellant. The injury is alleged to have been caused by the negligence of appellant. Appellant and appellee occupied the relative positions of master and servant. There are three paragraphs of complaint in all substantial respects alike. In appellee's amended third paragraph of complaint it is averred: That appellee is an infant under the age of twenty-one years, and that appellant is a corporation engaged in the manufacture of tin-plate; that on the day the injury occurred he was seventeen years old, ignorant and inexperienced in working in and about the factory, all of which was well and fully known to the appellant; that he was employed by the appellant to work in their said factory, which consisted of large buildings in which was operated a vast amount of machinery, and in which were employed more than 600 men, boys, and girls; that at the time said injury occurred he had been in the employ of appellant for about two years in what was known as the cold roll department; that said work was not complicated, hazardous, or dangerous, and he was fully able and competent to perform the same; that on the morning of the day upon which he received his injury, and just prior to the time he began work, the appellant ordered and directed him to go to work in what was known as mill number eight in the "hot roll" department; that the character and nature of the new work

Morewood Co. *v.* Smith.

he was ordered to do was different from his former employment, the new work being dangerous and hazardous, the appliances and machinery different, the place dissimilar, and the employes working therein new and strange; that he had neither time nor opportunity to acquaint himself with the place wherein he·was to work, nor with the machinery which he was compelled to use; that he was wholly inexperienced and unacquainted with the duties he was called upon to perform, all of which was well and fully known by appellant; that appellant gave him no instructions about his new work, nor did they caution him in any manner about the danger and hazard of the place, nor of the defective and unsafe machinery; that on the morning of the day aforesaid, in obedience to appellant's orders, he commenced work; that a part of his duties consisted of gathering up scraps of iron that were cut off by said 'mill number eight, to pack, tie, weigh, and pile them up and to carry to the shearmen of said mill the iron sheets that were to be trimmed and squared, and to pile them on his table beside him ready for use; that said scraps of iron were cut by shears attached to a table about two feet wide and two and one-half feet long and two feet high; this table was open beneath, and said shears were operated by two iron cog-wheels situated about eighteen inches from the end of the table at appellee's left; that one of said wheels was about one foot in diameter and the other about two feet in diameter; the top of the lower and smaller wheel was about eight or ten inches above the floor; that an iron bar or shaft extends from the lower cog-wheel some six inches above the floor under the aforesaid table, by means of which the shears were operated; that it was necessary for appellee in the discharge of his duties to stoop over said iron bar and to step over the same and likewise to reach across said bar in order to pick up scraps of iron which were cut off by said shears; that the appellant negligently and carelessly set appellee at work in this hazardous and unsafe place

and near and close by said cog-wheels; that said cog-wheels were defective and dangerous on account of their being uncovered and unguarded; that said wheels could have been covered at a trifling expense and without impairing their usefulness; and that by reason of their said uncovered condition, appellee was exposed to great and unnecessary risks and dangers, on account of which negligence and carelessness on the part of appellant said appellee on the day aforesaid, while stooping down at the end of said table and near to said cog-wheels, and while engaged in proper and necessary duties, and while using due care and caution, without any negligence or fault upon his part, his left hand was caught and drawn into said cog-wheels and was so badly crushed that it had to be amputated; that said defective, unsuitable, and dangerous machinery, and the unsafe and hazardous place where he was set to work were fully known and understood by the appellant, but were unknown to appellee when he was ordered and set to work in and about the same; that the plaintiff did not and could not realize, understand, or comprehend his dangerous position until he was injured as aforesaid, and he did not have sufficient judgment or understanding to comprehend and grasp the dangers to which he was exposed; that if said cog-wheels, as aforesaid, had been fenced, guarded, or boxed, and said machinery suitable and safe for the purpose for which it was intended, he would not have been injured while engaged in his said duties as above set forth. Appellant filed a general denial to each paragraph of complaint. There is no question as to the sufficiency of the pleadings.

The cause was submitted to a jury and a verdict returned in favor of appellee. With the general verdict the jury answered and returned sixty-four interrogatories. The only question in this cause arises upon the action of the court in overruling appellant's motion for judgment upon the findings of fact, notwithstanding the general verdict.

By the answers to the interrogatories, the jury found

that at the time of the injury appellee was seventeen years old; that he had, prior to said time, worked in the cold roll department of said mill for more than two years; that the injury occurred on the 16th day of April, 1897, while appellee was in appellant's employ; that appellee had been engaged in the department of appellant's factory where he was working at the time he received his injury prior to said time; that the cog-wheels by which appellee's hand was injured were exposed to view and easily to be seen, and appellee was acquainted with the nature and purpose of said wheels, and had frequently seen said wheels prior to the time of his injury. In the cold roll department, where appellee had been employed, there were large steel and iron rollers working against each other, and it had been a part of the duties of appellee to pass plates of iron through such rollers and to catch plates of iron when they were so passed through. On the date of the injury to appellee, he was five feet and ten inches tall, and weighed 135 pounds. That appellee had worked in the hot roll department of appellant's mill a part of a day before the day on which he was injured. That the injury was caused by appellee getting his hand caught in two revolving cog-wheels; that the diameter of the larger wheel was twenty-four inches, and of the smaller wheel seven and one-half inches; the center of the smaller wheel was situated directly above the center of the larger wheel; an iron shaft passed through the center of the lower wheel and extended east and west and rested upon bearings at each end; the upper wheel was similarly arranged. Appellee was at the time the injury occurred working at what was known as "number eight shears," performing the duties of "scrap-boy;" that from the point on said cog-wheels where said wheels meshed together to the nearest corner of the scrap-table it was twenty-eight inches, and it was twenty-two inches from the point where said wheels meshed to the floor. The scrap-table was twenty-four inches high. The lower blade of the shears was fixed,

or stationary; on the east side of the shear blades there was an iron table on which the pieces and scraps of iron fell when the shears were in use; this table was known as the scrap-table; it was thirty inches long and twenty-seven inches wide, one side was supported by iron legs, the other side joined up to and was attached to the lower blade of the shears. Appellee worked at the east and north side of the table, and in removing the scraps therefrom carried them away "from the direction of said cog-wheels." The shears were operated by a man called a "shearman," who stood on the west side of the shears and who was operating the shears at the time the injury occurred. The scraps which were cut off fell upon the iron table on the east side of the shears. That appellee's injury was caused by his "thoughtlessly and thinkinglessly" getting too close to the cog-wheels while they were in motion. When appellee received his injury, he was upon his right knee with his left hand upon and projecting over his left knee, and that his injury resulted from thoughtlessly and by inattention placing himself in a kneeling position too near the cog-wheels. Appellee knew the purpose and object of the cog-wheels, and it was not necessary in the performance of his duties at the time he was injured to get against, work with, or in any manner touch the cog-wheels by which he was injured. Appellee understood the nature of the work he undertook to perform and was performing on the day he was injured. He understood the nature of said cog-wheels. He knew the effect of permitting his person or clothing to come into contact with said wheels while they were in motion. Appellee's minority is not of itself sufficient to change the rule that contributory negligence will defeat a recovery. *Atlas Engine Works* v. *Randall,* 100 Ind. 293, 50 Am. Rep. 798; *Stewart* v. *Patrick,* 5 Ind. App. 50. The appellee was a boy seventeen years old, of ordinary intelligence. He knew the location of the cog-wheels. They were plainly exposed to view. There was no hidden danger.

He knew the effect of coming in contact with the wheels. It was not necessary that he come in contact with the wheels in the performance of his duty. The case is very similar to the case of *Stewart* v. *Patrick, supra.* In the last mentioned case, the injured party was a boy sixteen years of age, who was set to work at a machine which in part consisted of a platform or table in front of revolving knives. The boy was injured while wiping the platform of the machine in front of the revolving knives. It was not necessary for him to do this in the performance of his duty, and such facts appearing in the answers to interrogatories, this court reversed the judgment of the lower court, which had been rendered upon the general verdict. In the case of *Atlas Engine Works* v. *Randall, supra,* the Supreme Court of this State repeat an old established rule to the effect that where the danger to be encountered is equally open and observable to the master and servant, and the servant is injured by reason of his own inattention and negligence, there can be no recovery. See, also, *Ruchinsky* v. *French,* 168 Mass. 68, 46 N. E. 417; *O'Connor* v. *Whittall,* 169 Mass. 563, 48 N. E. 844; *American Carbon Co.* v. *Jackson,* 24 Ind. App. 390; *Wabash R. Co.* v. *Ray,* 152 Ind. 392; *Big Creek, etc., Co.* v. *Wolf,* 138 Ind. 496.

If we accept the rule of law announced in the case of *Brazil Block Coal Co.* v. *Hoodlet,* 129 Ind. 327, as applicable to this case, such rule being to the effect that when a master orders a servant to do something not contemplated in his employment, although the risk is equally open to the observation of both, it does not necessarily follow that the servant either assumes the increased risk, or is negligent in obeying the order. The facts found preclude a recovery because it is stated by the jury that it was not necessary that appellee come in contact with said cog-wheels in the proper performance of his duties, and that he came in contact with said wheels through his own thoughtlessness and inattention. The rule as announced in the Hoodlet

case can only apply where a servant is ordered from his usual employment, temporarily, to do something not connected therewith. If it meant other than this, the boy, for example, who entered the mill as "feeder" in the cold roll department, who being retained by the master is advanced through all the various departments as his age and experience would warrant would at no time assume the dangers incident to any employment except that of "feeder." In all cases falling within this rule, a distinction must be drawn between dangers growing out of or connected with the manner in which the servant does the work, and those dangers naturally incident to the service in which he is engaged. In this case, the answers to the interrogatories clearly fix appellee's negligence contributing to his injury. The facts found are in irreconcilable conflict with the general verdict. The judgment is reversed, with instructions to the lower court to sustain appellant's motion for judgment.