## HERMIDAS LEMOINE *vs.* CHARLES T. ALDRICH.

Worcester.　　October 3, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Personal Injuries — Due Care — Negligence — Unguarded Shafting and Belting — Assumption of Risk — Statute.*

At the trial of an action for personal injuries it appeared that across a doorway between two rooms in the defendant's mill ran a revolving iron shaft at a height of four feet above the floor, so placed that in passing from one of the rooms to the other it was necessary to stoop; that the plaintiff, who was twenty-two years of age, knew that the shafting operated the lumpers, and that when the mill was running the shafting was turning, and at the time of the accident he knew that the mill was running; that he had to pass through the door many times a day, more than two or three times an hour; that he was set to work sweeping up from the floor material that came from one of the lumpers and carrying it away in a sheet upon his shoulder and emptying it upstairs, and that he had been engaged in this work eleven days, when, returning with an empty sheet upon his arm and passing under the shaft, the sheet was caught by the shaft and he was drawn around and injured. The shaft was a part of the permanent construction of the building and machinery, and was open and visible. *Held,* that the defendant owed the plaintiff no duty to change the construction and arrangement of his mill and machinery, or to instruct or warn him in regard to the danger of getting his clothing or the sheet caught while passing under the revolving shaft.

The evidence in this case, which was an action for personal injuries, does not show any violation of § 23 of St. 1894, c. 481, which requires an employer to securely guard the shafting and belting in his factory when so placed as to be, in the opinion of the inspectors of factories, dangerous to persons employed therein while engaged in their ordinary duties.

TORT, for personal injuries occasioned to the plaintiff while in the employ of the defendant. Trial in the Superior Court, before *Gaskill*, J., who, at the close of the evidence for the plaintiff and at the defendant's request, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion and in a note by the reporter.

*B. W. Potter*, (*T. L. Brown* with him,) for the plaintiff.

*H. Parker & C. C. Milton*, for the defendant, submitted the case on a brief.

KNOWLTON, J. Across a doorway between two rooms in the defendant's blanket mill ran a revolving iron shaft at a height of four feet above the floor, so placed that in passing from one of the rooms to the other it was necessary to stoop. The plaintiff knew that the shafting operated the lumpers, and that when the mill was running the shafting was turning, and at the time of the accident he knew that the mill was running. He had to pass through the door many times a day, more than two or three times an hour. He was set to work at sweeping up from the floor material that came from one of the lumpers, and carrying it away in a sheet upon his shoulder and emptying it upstairs. He had been engaged in this work eleven days, when, returning with an empty sheet upon his arm and passing under the shaft, the sheet was caught by the shaft, and he was drawn around it and severely injured.

The shaft was a part of the permanent construction of the building and machinery, open and visible to everybody who came there when the plaintiff entered the defendant's service. Under a familiar rule, established by many decisions, the defendant owed the plaintiff no duty to change the construction and arrangement of his mill and machinery in those parts which were in good repair and plainly visible when the plaintiff made his contract to work there. It is one of the implied terms of the contract between the parties that the work should be done in that mill with the construction and permanent arrangements for the business which then appeared. *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572, 585. *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153. *Gleason* v. *Smith*, 172 Mass. 50.

There is nothing in this case which indicates that the defend-

ant owed the plaintiff a duty to instruct or warn him in regard to the danger of getting his clothing or the sheet caught while passing under the revolving shaft. The plaintiff was twenty-two years of age, and the defendant had no reason to suppose that he needed warning of this danger. *Ciriack* v. *Merchants' Woolen Mills*, 146 Mass. 182, 190; *S. C.* 151 Mass. 152, 156. *Carey* v. *Boston & Maine Railroad*, 158 Mass. 228. *Ruchinsky* v. *French*, 168 Mass. 68, 70. *Ford* v. *Mount Tom Sulphite Pulp Co.* 172 Mass. 544, 545.

The evidence does not show any violation of the St. 1894, c. 481, § 23, by the defendant.*        *Exceptions overruled.*

---

* Section 23 of St. 1894, c. 481, requires an employer to securely guard the shafting and belting in his factory when so placed as to be, in the opinion of the inspectors of factories, dangerous to persons employed therein while engaged in their regular duties. The inspector of mills for Worcester County testified for the plaintiff that, while mills vary in construction, he had never before seen a revolving shaft across a doorway four feet high between two rooms where men were working. He also stated that the location of shafting in mills depends upon the requirements of the particular place and the construction and arrangement of machines, shafting being placed at different heights in places as occasion or convenience may require.