BUEHNER CHAIR COMPANY *v.* FEULNER, BY NEXT
FRIEND.

[No. 3,557.    Filed March 12, 1902.]

PLEADING.—*Negligence.*—*Personal Injuries.*—*Motion to Make Complaint
More Specific.*—A complaint for personal injuries resulting from
operating a boring machine, giving a complete description of the
machine, showing among other things that the set-screw and.
boring bit, when the foot of the operator was off the lever,
extended down from the other parts of the machine and was.
wholly exposed and unguarded, and that a guard could have·
been placed around these parts without interfering with the·
operating of the machine is sufficient as against a motion to·
make more specific.    *pp. 481, 482.*

NEGLIGENCE.—*Violation of Statutory Duty.*—*Complaint.*—*Master and*
*Servant.*—A complaint for personal injuries alleging the failure of
defendant to comply with the statutory duty of guarding danger-
ous machinery, which resulted in plaintiff's injury, is a sufficient
charge of negligence.    *pp. 482, 483.*

MASTER AND SERVANT.—*Personal Injuries.*—*Defective Appliance.*—
*Knowledge of Defect.*—*Pleading.*—In an action for personal injuries
caused by a defective and unsafe machine, an allegation that the
unsafe condition of the machine was known to the defendant, and
unknown to plaintiff, was sufficient to rebut actual knowledge,
and to repel imputed knowledge on the part of plaintiff. *p. 484.*

SAME.—*Assumption of Risk.*—*Disregard of Statutory Duty.*—It cannot
be said that because an employe who was injured by an unsafe and
unguarded machine was in full possession of all of his faculties,
and understood the danger, assumed the risk incident to its oper-
ation, where the neglect to place guards upon the machine was a
disregard of a specific statutory duty. *p. 484.*

SAME.—*Defective Appliance.*—*Violation of Statutory Duty.*—The statute
makes it the duty of an employer properly to guard all danger-
ous machines, and in an action by an employe for an injury re-
sulting from an unguarded machine it is not necessary to allege
failure of duty on the part of the factory inspector. *pp. 484, 485.*

SAME.—*Personal Injury.*—*Contributory Negligence.*—In an action for
personal injury the evidence showed that plaintiff was a bright,
intelligent boy, almost fifteen years of age, and was engaged in
his usual work, operating a boring machine, when he was injured.
There were no witnesses to the accident but plaintiff, and he
stated that the machine worked all right, that there was no way
to get hurt that he knew of, that he was taking a piece of wood
out from the machine and was not looking at the machine, when
his arm was caught and injured. *Held,* that plaintiff was guilty
of contributory negligence. *pp. 485–487.*

From Warrick Circuit Court; *E. M. Swan,* Judge.

Action by Henry Feulner, by next friend, against the
Buehner Chair Company for personal injuries. From a
judgment for plaintiff, defendant appeals. *Reversed.*

*J. E. Iglehart, E. Taylor* and *A. J. Clark,* for appellant.
*C. B. Harris, O. J. Van Pelt, F. E. Monfont* and *G. V.
Menzies,* for appellee.

COMSTOCK, C. J.—Action for personal injuries, in which
appellee, plaintiff below, recovered judgment for $2,500.
The cause was commenced and put at issue in the Vander-
burgh Superior Court and upon change of venue was tried
in the Warrick Circuit Court. The errors assigned are:
(1) That the court erred in overruling appellant's motion to
make the amended complaint more specific; (2) in overrul-

ing the demurrer to the amended complaint; (3) in refusing to peremptorily instruct the jury to return a verdict for the defendant; (4) in overruling appellant's motion for a new trial.

The amended complaint, in substance, charged that appellee, Henry Feulner, on May 6, 1899, was employed by appellant, in its factory, to operate a boring machine, and that in so doing he was injured by having his left arm caught, torn, and injured by said boring machine; that the boring machine was defective and unsafe, in that the spring supporting it was worn out, weak, and broken, whereby said bit was permitted to drop and fall from its proper position, causing the dangers incurred in operating said machine to be greatly increased, which condition was known to appellant and unknown to said Henry Feulner; that Henry was but fourteen years of age, of which appellant had knowledge, notwithstanding which he was employed and permitted to operate the dangerous machine without instruction or warning as to the manner of its use, or the dangers incident thereto. It was an upright boring machine, the shaft of which, to which was attached the bit, was raised and lowered by a foot lever; and that by reason of the weak condition of the spring supporting the shaft it was not held in proper position, and, when the foot of the operator was taken off the lever, the shaft would bob up and down, making it dangerous to operate, which appellant knew; the shaft was attached to a pulley around which was a belt operating the shaft at a high and dangerous speed; the bit was fastened into the lower end of a journal in the shaft by a setscrew, the bit extending below the journal its full length; there was no guard or protection for said shaft, journal, bit, and set-screw, as provided by the laws of the State of Indiana; and that at the date of the injury they were wholly unguarded and unprotected, which could have been done at small cost, without in any way interfering with the operation of said machine.

The prime cause of the injuries is alleged to have been on account of negligence and carelessness in permitting the defective, weak, and worn-out machine to be used at all; also in appellant employing and permitting Henry to operate the machine in the condition charged, without instructing him as to the proper use thereof, and in not warning him of the dangers incident thereto; also by the negligent and careless failure of appellant to comply with the laws of the State of Indiana, in that it did not have the shafting, journal, set-screw, and bit in said boring machine properly protected and guarded. It is alleged that Henry Feulner was without fault or negligence on his part.

The motion to make the complaint more specific asked that it be made to show in what respect the machine should be guarded or protected, the manner of the guarding, the kind of guard, and the manner of placing the guard. The complaint gives a complete description of the machine, among other things showing that the set-screw and boring bit, when the foot of the operator was off the lever, extended down from the other parts of the machine and was wholly exposed and unguarded. It further alleges that a guard could have been placed around these parts without interfering with the operating of the machine. It avers that they were wholly unguarded, in violation of the statute law of the State. This was a sufficient compliance with the statute. §341 Burns 1901, §338 Horner 1901. "The complaint shall contain: * * * Second, A statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." The averment that the machine was unsafe, and was without any protection, in violation of the statute, was sufficiently specific, and it was not error to overrule the motion.

The demurrer to the complaint was for want of facts to constitute a cause of action. We have substantially set out

its averments. Does the complaint show negligence upon the part of appellant? It alleges a failure in violation of a statute to guard a dangerous machine. Section 9 of an act concerning labor approved March 4, 1899, Acts 1899, p. 231, makes it the duty of owners of manufacturing establishments to protect the machines operated therein. "All vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery of every description therein shall be properly guarded," etc. The complaint thus charges the omission of a statutory duty, which, without reference to any other averment, is a sufficient charge of negligence.

Appellee's right to recover is based upon three distinct grounds, viz.: (1) Negligence in permitting a defective machine to be used; (2) negligence in failure to instruct appellee as to the danger thereof; (3) negligence in failing to have the machine guarded.

Counsel for appellant insist that there is no negligence charged by reason of not instructing the employe, because no necessity for such instruction is shown, and that the law of Indiana did not require the particular machine involved in this case to be guarded; that all three of the causes of action must be properly set out, and, unless this is done, the complaint is bad. This position is not tenable. "A plaintiff may allege more facts than are essential to constitute a cause of action, and in such case it is ordinarily held that he need only prove the substance of so many of them as constitute a cause of action to entitle him to recover, and the balance of them may be regarded as immaterial and surplusage." *Terre Haute, etc., R. Co.* v. *McCorkle*, 140 Ind. 613, 623, citing *Long* v. *Doxey*, 50 Ind. 385. It is stated in the case just cited: "When a cause of action depends on two or more facts, no proof short of proving the substance of each and every one of them will warrant a recovery. That is, if the cause of action consists of and depends on the establishment of three facts and the proof only establishes two of them the evidence is not suffi-

cient to support the verdict. *Cleveland, etc., R. Co.* v. *Wynant,* 134 Ind. 681; 2 Rice Ev., ch. 16, pp. 660-663." If we apply this rule to pleading as well as to the evidence, it will not make the complaint bad because the complaint sets out three distinct causes of action.

At the time of the injury and of the bringing of this action, under the statute, it was not necessary to allege a want of contributory negligence upon the part of appellee; yet, following the allegations of injury and the causes thereof, it is averred that the injury complained of was caused without fault or negligence on his part. Were an averment of want of contributory negligence necessary, this would be sufficient. It is alleged that the unsafe condition of the machine was known to appellant and unknown to appellee. This was a sufficient allegation to rebut actual knowledge and to repel imputed knowledge. *Evansville, etc., R. Co.* v. *Duel,* 134 Ind. 156, and cases cited.

It is also urged against the complaint that the allegations show that the appellee was in the full possession of his faculties, and with a full understanding of the alleged dangerous nature of the machine he assumed the risk incident to its operation. He certainly knew it was without guards. If the action were based solely upon the employer's neglect to perform a common law duty, or, if there was no valid distinction between neglect of a common law duty and the neglect of a specific statutory duty, the point would be well taken; but there is a distinction, and under the recent cases of *Davis Coal Co.* v. *Polland,* 27 Ind. App. 697; *Island Coal Co.* v. *Swaggerty,* 27 Ind. App. 697, the appellee did not assume the risk arising from the appellant's disregard of statutory duties.

It is claimed by appellant that the matter of guarding the machines of a factory is left to the discretion of the chief factory inspector, and that as there is no allegation that he has not performed his duty, the presumption is that he did perform his duty, examined the machine, and found

that it was not necessary that it should be guarded; therefore that there is no violation of the statute shown. We think this interpretation of the statute is erroneous. The statute makes it the duty of the employer to guard properly all dangerous machines, without reference to the direction of the inspector. To make the liability of the negligent employer to the injured employe depend upon the action or non-action of the inspector, over whom the employe has no control, would be to take from the statute its most beneficent feature and defeat the purpose intended. *Ross* v. *King,* 49 Ohio St. 213, 30 N. E. 267, 15 L. R. A. 160; *Willy* v. *Mulledy,* 78 N. Y. 310, 34 Am. Rep. 536.

Counsel for appellant consider together three errors assigned, namely, the refusal of the court peremptorily to instruct the jury to return a verdict for the defendant; and the second and third causes presented for a new trial, to wit, that the verdict is contrary to law, and not sustained by sufficient evidence. Appellee lacked twenty-four days of being fifteen years old when he was injured, and was engaged in his usual, ordinary work. He was a bright, intelligent boy, and had worked in the factory six months before he received his injury; had worked this machine "on and off" for two months, about one-half of the time. He was put to work by his brother, whom he had seen operating the machine, who "just showed him how to bore, and told him they had to be bored in this way". There were no witnesses to the accident. Appellee's account is substantially as follows: "The machine had worked all right before, so far as I know; it worked up and down by foot treadle, in response to pressure of my foot; it was all right; it worked nicely so far as I know; had observed it closely for two months; nothing to prevent my seeing machine in operation; nothing to prevent seeing under and about it, under the bit. Unless the bit caught my sleeve on the side and pulled it in, or my hand got under it, there was no way to get hurt that I know of". He testified that his sleeve was not wide; was buttoned at

the wrist; that it fit him just right; that the injury was to the left arm, above the elbow. If the machine had not bored properly he would have seen it. "The machine went down when I had my foot on the treadle; never saw it drop without motion of my foot; it never dropped down from weak spring". He also testified that "there was nothing difficult about it; nothing hard to understand about it. Can't see how I got hurt; can't see how my hand got up there; arm got under the machine, don't know how; had finished boring and was passing the wood,—was taking it out from the machine to remove it,—and in taking it out got hurt; was moving it to the right; when I got hurt was watching where I was taking that thing away, and it got caught before I knew it; was watching where I was taking the pieces of wood; taking it to make room for another piece; was not looking at the bit at the time the arm was hurt".

The employment in appellant's factory of an infant fourteen years of age, is authorized under the act of 1899, *supra*. Appellee was familiar with the machine. The open character of its construction, the exposure of all its parts, his experience in its use admonished him fully of the danger incident to its operation. Appellant could not have told appellee what he did not already know if he possessed the intelligence of ordinary boys of his age. Although young, he was not inexperienced; he was competent to understand his work, and he therefore stood upon the footing of an experienced adult. There was no necessity for one working the machine to place an arm or hand under the bit, or to come in contact with it. Appellee says it worked all right. If there was defect it should appear that such defect caused the injury. It does not so appear. Appellee testified that he was not looking at the bit when he received his injury. From his own testimony, there seems to be no escape from the conclusion that appellee was guilty of contributory negligence. As pertinent to and illustrative of

the questions involved, we cite the following cases: *Levey* v. *Bigelow*, 6 Ind. App. 677, 696; *Becker* v. *Baumgartner*, 5 Ind. App. 576; *Stewart* v. *Patrick*, 5 Ind. App. 50; *Buckley* v. *Gutta Percha, etc., Co.*, 113 N. Y. 540, 21 N. E. 717; *Linch* v. *Sagamore Mfg. Co.*, 143 Mass. 206, 9 N. E. 728; *Ciriack* v. *Merchants Woolen Co.*, 146 Mass. 182, 15 N. E. 579, 4 Am. St. 307; *Crowley* v. *Pacific Mills*, 148 Mass. 228, 19 N. E. 344; *Probert* v. *Phipps*, 149 Mass. 258, 21 N. E. 370; *Coullard* v. *Tecumseh Mills*, 151 Mass. 85, 23 N. E. 731; *Tinkham* v. *Sawyer*, 153 Mass. 485, 27 N. E. 6; *Wilson* v. *Cotton Mills*, 169 Mass. 67, 47 N. E. 506; *American Carbon Co.* v. *Jackson*, 24 Ind. App. 390; *Guedelhofer* v. *Ernsting*, 23 Ind. App. 188; *Lowcock* v. *Franklin Paper Co.*, 169 Mass. 313, 47 N. E. 1000; *Morewood Co.* v. *Smith*, 25 Ind. App. 264; *Terre Haute St. R. Co.* v. *Tappenbeck*, 9 Ind. App. 422; *Shirk* v. *Wabash R. Co.*, 14 Ind. App. 127; *Atlas Engine Works* v. *Randall*, 100 Ind. 293, 50 Am. Rep. 798; *Krenzer* v. *Pittsburgh, etc., R. Co.*, 151 Ind. 587, 68 Am. St. 252; *Cleveland, etc., R. Co.* v. *Tartt*, 12 C. C. A. 625, 64 Fed. 830; *Reynolds* v. *New York, etc., R. Co.*, 58 N. Y. 248; *Wendell* v. *New York, etc., R. Co.*, 91 N. Y. 420; *Hickey* v. *Taaffe*, 105 N. Y. 26, 12 N. E. 286; *Crown* v. *Orr*, 140 N. Y. 450, 35 N. E. 648; *Shine* v. *Cocheco Mfg. Co.*, 173 Mass. 558, 54 N. E. 245.

The verdict is not sustained by sufficient evidence. Other alleged errors need not be discussed.

Judgment reversed, with instructions to sustain the motion for a new trial.