WILLIAM T. BRUNDIGE vs. DODGE MANUFACTURING COMPANY.

Suffolk.   November 19, 1902. — February 27, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Negligence*, Employer's liability.

It is not the duty of an employer to instruct a workman, experienced in other work, of the danger incident to truing a wheel or sheave, which the workman proceeds to do in his own way upon a platform constructed under his direction and with a tool made by himself, having shortly before done a similar job successfully.

TORT for injuries received in the manner described by the court when the plaintiff had been sent from the shop of the defendant in Boston to the State farm in Bridgewater to true up two wheels or sheaves there.   Writ in the Municipal Court of the City of Boston dated September 26, 1901.

On appeal to the Superior Court the case was tried before *Fox*, J., who at the close of the plaintiff's evidence ordered a verdict for the defendant.   The plaintiff alleged exceptions.

*E. O. Achorn*, for the plaintiff.

*G. W. Buck*, for the defendant.

LATHROP, J.   This is an action of tort at common law for injuries sustained by the plaintiff while in the defendant's employ. The case comes before us on exceptions to the ruling of the presiding judge, at the close of the plaintiff's evidence, that the plaintiff was not entitled to recover.

The injury occurred while the plaintiff was engaged in truing a sheave or wheel used in transmitting power by means of a wire rope, caused, as he testified, by putting his chisel too hard against the surface of the wood.   The effect of this was to break the fulcrum on which the tool was resting, and to cause the tool to fly up and strike him.

The first ground of complaint is that the plaintiff was not furnished with a proper tool to do the work.   But this is disposed of by the testimony of the plaintiff that "the defendant had nothing to do with furnishing me with a tool except Mr.

Underwood told me that I could get it there, [*i. e.* the place to which he was sent to do the work,] and I got it. Carpenters furnish their own tools." It also appears that he obtained a piece of steel and ground one end down to a V shape on an emery wheel. The evidence that another instrument was less dangerous was immaterial.

The next ground of complaint is that the plaintiff should have been instructed as to the dangers of the work. While the plaintiff testified that he had never turned any sheaves before this job, there is nothing to show that either the defendant or its officers had any reason to suppose that this was the case. When directed to do the work he made no objection, but proceeded to do it in his own way. The platform on which he stood was constructed under his direction. He made the tool himself, and gave the direction for putting the sheave in motion. He was a man of experience. He was forty-six years old at the time of the accident. He had been in the employ of the defendant for fourteen months. During this time he had acted as foreman on two or three occasions. He had erected and lined up shafting, and had assisted in putting pulleys on shafting. He had worked as a carpenter for twenty-eight or twenty-nine years, and was familiar with different kinds of wood and edge cutting tools. In addition to all this, shortly before the accident he had trued another sheave successfully.

We are of opinion that the evidence in this case does not show any breach of duty which the defendant owed to the plaintiff. *Crowley* v. *Pacific Mills,* 148 Mass. 228. *Stuart* v. *West End Street Railway,* 163 Mass. 391, 393. *Ruchinsky* v. *French,* 168 Mass. 68. *Wilson* v. *Massachusetts Cotton Mills,* 169 Mass. 67. *Smith* v. *Beaudry,* 175 Mass. 286.

*Exceptions overruled.*